I hereby certify this a true and correct copy of the original document sent for recording.

Signature [signature]

Certified by Tiffany Gardener

Date 08/24/2026

[Space Above This Line For Recording Data]

Original Recording Date: **April 30, 2019**
Original Loan Amount: **$63,843.00**

Loan [redacted]
Investor Loan [redacted]
VA Case [redacted]

**After Recording Return To:**
**Outamation, Inc.**
**1371 SAWGRASS CORPORATE PARKWAY**
**SUNRISE, FL 33323**
**Return to Phone:** [redacted]

**This Document Prepared By:**
**Antonia Coats**
**Outamation, Inc.**
**1371 SAWGRASS CORPORATE PARKWAY**
**SUNRISE, FL 33323**
[redacted]

# LOAN MODIFICATION AGREEMENT

**Lender Address and Phone**
LoanCare LLC, as Agent under Limited POA for
Lakeview Loan Servicing, LLC
3637 Sentara Way
Virginia Beach, VA 23453
[redacted]

**Borrower Address and Phone**
WILLIAM E BOWMAN
47 ED BOYD ROAD
JAYESS, MS 39641
[redacted]

**Borrower Address and Phone**
CARISSA S BOWMAN
,

**Legal Description:** See Exhibit "A" attached hereto and made a part hereof;
**Filing Instructions:** THE LAND SITUATED IN THE PART OF THE SOUTHWEST CORNER OF NORTHWEST QUARTER OF SOUTHEAST QUARTER OF SECTION 6, TOWNSHIP 4 NORTH, RANGE 11 EAST, CONTAINING 1.0 ACRES, MORE OR LESS, WALTHALL COUNTY, MISSISSIPPI.

Borrower ("I/my/me"): **WILLIAM E BOWMAN and CARISSA S BOWMAN.** Dated this **29th** day of **July, 2026.** If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as [redacted]



"EXHIBIT A"

"we") and vice versa where appropriate.
Lender or Servicer ("Lender"): **LoanCare LLC, as Agent under Limited POA for Lakeview Loan Servicing, LLC, whose address is 3637 Sentara Way, Virginia Beach, VA 23453**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
**April 26, 2019** and recorded in Instrument No: [redacted] recorded on **April 30, 2019,** of the Official Records of **WALTHALL** County, **MS.**
Property Address ("Property"): **47 ED BOYD RD**
**JAYESS, MS 39641**

**Legal Description:**
**See Exhibit "A" attached hereto and made a part hereof;**

If my representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the VA Modification Program ("Program"));
   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
   G. I have made or will make all payments required under a trial period plan, if applicable.
   H. I was discharged in a Chapter 13 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

[redacted]

[redacted]



"EXHIBIT A"

A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **August 1, 2026** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. If applicable, I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **September 1, 2026**.

A. The Maturity Date will be: **August 1, 2066**.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$71,251.16** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of **7.125%** will begin to accrue on the New Principal Balance as of **August 1, 2026** and the first new monthly payment on the New Principal Balance will be due on **September 1, 2026**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 7.125% | August 01, 2026 | $449.26 | $393.01 May adjust periodically | $842.27 May adjust periodically | September 01, 2026 | 480 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

[redacted]

[redacted]



"EXHIBIT A"

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules

[redacted]

[redacted]



"EXHIBIT A"

or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Loan Modification Program.

L. RESERVED FOR LOANS WHERE MERS IS PARTY TO THE TRANSACTION.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Loan Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

[redacted] [redacted]



"EXHIBIT A"

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

[redacted]

[redacted]



"EXHIBIT A"

In Witness Whereof, the Lender and I have executed this Agreement.

_William E Bowman_ ______________________ Date: 8-18-26

**WILLIAM E BOWMAN** -Borrower

_Carissa Bowman_ ______________________ Date: 8.18.26

**CARISSA S BOWMAN** is signing solely to acknowledge this document, but not to incur any personal liability for the debt.

______________ [Space Below This Line For Acknowledgments] ______________

State of Mississippi

County of Marion

Personally appeared before me, a Notary Public in and for the said county and state on this

18th day of August, 20 26, within my jurisdiction, the within named

**WILLIAM E BOWMAN and CARISSA S BOWMAN**, who acknowledged that (he)(she)(they) executed the above and foregoing instrument.

______________________

(signature of notary)

My commission expires : 08-10-2029

STATE OF MISSISSIPPI NOTARY PUBLIC ID# 292295 T. J. HARVEY Commission Expires Aug. 10, 2029 MARION COUNTY

[redacted]

[redacted]



"EXHIBIT A"

**LoanCare LLC, as Agent under Limited POA for Lakeview Loan Servicing, LLC**

By: Kiran Zaveri (Seal) - Lender

Name: Kiran Zaveri

Title: **Assistant Secretary**

8/24/2026
Date of Lender's Signature

[Space Below This Line For Acknowledgments]

State of Florida

County of Broward

The foregoing instrument was acknowledged before me by means of [✓] physical presence or [ ] online notarization,
this 24 day of AUG, 2026, by Kiran Zaveri, Assistant Secretary of LoanCare LLC, as Agent under Limited POA for Lakeview Loan Servicing, LLC.

Samantha Antoniades
(Signature of Notary Public - State of Florida)

Samantha Antoniades
(Print, Type or Stamp Commissioned Name of Notary Public)

FLORIDA NOTARY ASSOCIATION · SINCE 1916
SAMANTHA ANTONIADES
Notary Public
State of Florida
Comm# HH593872
Expires 9/16/2028

Personally Known ✓ OR Produced Identification ______

Type of Identification Produced ______

[redacted]

[redacted]



"EXHIBIT A"

# EXHIBIT "A"

Subject property situated in Walthall County, MS, and described as follows to-wit: Starting at the Southwest Corner of Northwest Quarter of Southeast Quarter of Section 6, Township 4 North, Range 11 East and run East 12.13 chains to the Place of Beginning; run thence North 6 degrees 30 minutes East 4.00 chains; thence South 80 degrees East 1.69 chains; thence South 21 degrees East 1.18 chains; thence South 34 degrees 30 minutes East 3.28 chains to the South line of said forty; thence West 4.40 chains to the Place of Beginning. Containing 1.0 acres, more or less, Walthall County, Mississippi.

Being that same property conveyed from David Bardwell and Mary W. Bardwell to David Bardwell by Quitclaim Deed recorded 1/11/1996 in Book 313 page 471 in the office of the Chancery Clerk of Walthall County, Mississippi.

Indexing Instructions: Part of the NW ¼ of SE ¼, Sec 6, T4N, R11E, Walthall County, Mississippi.

"EXHIBIT A"